UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| KENT E. MATHES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:06-CV-01161 SNL |
| ) | |
| MID-CENTURY INSURANCE COMPANY, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM

This matter comes before the Court on Plaintiff's Motion to Strike and for Sanctions (Doc. #31, filed Jan. 7, 2008). In his motion, Plaintiff urges the Court to strike the deposition of Letitia Wegner; and further, to order Defendant to pay Plaintiff's reasonable costs and attorney's fees relating to the deposition.

### *BACKGROUND*

Ms. Wegner, the subject deponent, appears to be the estranged wife of Plaintiff. (Doc. #32: 1, filed Jan. 17, 2008.) While originally scheduled for deposition in Festus, Missouri on August 17, 2007; the parties postponed Ms. Wegner's deposition to September 10, 2007. On or about September 6, 2007, Defendant's counsel was informed that Ms. Wegner was in Spokane, Washington; and on September 10, she did not appear for her scheduled deposition.

Ms. Wegner later contacted defense counsel and indicated her willingness to be deposed in Spokane, and the parties agreed to travel there and conduct her deposition on December 3 and 4, 2007. During this time, neither party objected to the time and/or location of the scheduled deposition, and the deposition notice was properly served upon Ms. Wegner.

On December 3, 2007 at 9:30 a.m., both parties and Ms. Wegner (accompanied by counsel) appeared in Spokane for deposition. Defense counsel conducted its direct examination, without objection, until approximately 3:30 to 3:45 p.m., at which time Plaintiff's counsel commenced his cross-examination. During the Plaintiff's cross, Ms. Wegner twice-refused to answer questions posed, which questions were duly certified and postponed for the Court's ruling. At approximately 5 p.m., Ms. Wegner announced that she was ready to adjourn, yet stated that she would return the following day.

The following day, December 4, 2007, Ms. Wegner's counsel appeared and stated that, due to health complications, Ms. Wegner was unable to attend the deposition. During this meeting, the parties teleconferenced the Court, seeking direction and a ruling as to the certified questions. The Court held that (I) Ms. Wegner was required to answer the subject questions; and (II) her deposition would remain sealed and/or without transcription until she appeared for deposition or until further order.

### *I. MOTION TO STRIKE*

In his motion to strike the deposition testimony, Plaintiff asserts that (i) Ms. Wegner's failure to fully submit to cross-examination "was planned and calculated as a measure to harass and create hardship for Plaintiff," (ii) Defendant knew or should have known that Ms. Wegner would fail or refuse to submit to cross-examination, and (iii) Defendant caused unnecessary expense by re-scheduling the deposition in Spokane. Furthermore, Plaintiff argues that the video deposition of Ms. Wegner must be stricken, and its use entirely prohibited, because Plaintiff was not afforded an opportuntity to fully examine the witness; and Defendant's proposed alternatives do not ensure the same efficacy and reliability as the video deposition procured by Defendant.

Specifically, while Defendant encourages Plaintiff to subpoena Ms. Wegner, and/or conduct the deposition via telephone or written correspondence, Plaintiff maintains that these alternatives are inequitable and unacceptable in that the Spokane deposition was videotaped; and a video recording, as opposed to a written transcript, will have a more profound effect on the jury, and is a more reliable form of testimony. Therefore, while Defendant urges the Court to order Ms. Wegner's deposition available, transcribed, and admissible; Plaintiff moves the Court to strike its use entirely (before, and during, trial).

### *A. Pre-Trial Use*

The rules relating to discovery govern this matter. "[P]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party." FED. R. CIV. P. 26(b)(1). Relevant information "need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Id.*

In the parties' submissions, both discuss the possibility of Ms. Wegner submitting to deposition via written or telephonic means has been raised by both parties. However, Plaintiff wholly refuses to explore such options and instead moves the Court to exclude the testimony.

2

While the Court suspects that Ms. Wegner's testimony is presumably useless (or prejudicial) to Plaintiff's position; the Court sees no reasonable bar to Defendant's use of the same during trial pre-trial matters. Accordingly, the video deposition of Ms. Wegner shall be made available to Defendant's counsel.[FN1]

> **FN1**. Contrary to Defendant's prayer, the Court refuses to order Plaintiff to pay for (or cause the production of) the deposition's transcription, especially given Plaintiff's status as the non-noticing party. *See*, *e.g.*, FED. R. CIV. P. 30(b)(3)(A) & advis. com. (2007 Amendment opened the right to arrange a deposition transcription to any party, "regardless of the means of recording and regardless of who noticed the deposition."); *Hudson v. Spellman High Voltage*, 178 F.R.D. 29, 31 (D.N.Y. 1998) ("Contrary to the defendant's contention, there is no requirement that a party taking a deposition by non-stenographic means provide a written transcript of the entire deposition to other parties. ∴ Any other party is free to prepare a written transcript of the tape recorded deposition, however, the party noticing the deposition does not have that obligation. Therefore, if [defendant] chooses to have a transcript prepared of the audio deposition, it must do so at its own cost and expense."); *Bogan v. Northwestern Mut. Life Ins. Co.*, 152 F.R.D. 9, 11-12 (D.N.Y. 1993) (Although generally the *noticing party* bears the costs of transcription, special circumstances warrant transgression, i.e. the non-noticing party conducted a major part of the questioning.). Here, Plaintiff is the non-noticing party, and Defendant conducted the majority of Ms. Wegner's examination. In any case, it is well-settled that litigants generally bear their own expenses. If Defendant finds the testimony of moment, he shall bear the tax for its use.

### *B. Trial Use*

Out-of-court statements offered into evidence at trial to prove the truth of the matter asserted are generally deemed inadmissible under the Rules of Evidence. However, an exception exists where the deponent is unavailable ("by process or other reasonable means," *U.S. v. Johnson*, 108 F.3d 919, 922 (8th Cir. 1997) (quoting FED. R. EVID. 804(a)(5))). Where unavailability is established, and the opponent has been afforded his right to confront and cross-examine; deposition testimony may be admitted.[FN2]

> **FN2**. Specifically, where a deponent is unavailable, her testimony may be admissible if it was taken "in compliance with law in the course of the same or another proceeding," and "if the party against whom the testimony is now offered had an opportunity and similar motive to develop the testimony by direct, cross, or redirect examination." *See* FED. R. CIV. P. 32(a)(1)(B) & (c); FED. R. EVID. 804(b)(1).

*See* KENNETH S. BROUN, 1 MCCORMICK ON EVID. § 19 (6th ed. 2006):

> ...the opportunity of cross-examination [is] an essential safeguard of the accuracy and completeness of testimony ∴ the opportunity is a right, not a mere privilege ∴ [and] is available at the taking of depositions as well as during the examination of witnesses at trial.
> ∴
> [where] non-party witness ∴ refuses to be cross-examined, or to answer proper cross-examination questions... many judges and writers seem to approve of the same remedy of excluding the direct ∴ the remedy forcefully protects the right of cross-examination.
> ∴
> [where] the witness [becomes], or purport[s] to become, sick or otherwise physically or mentally incapacitated, before cross-examination is begun or completed ∴ the party's direct examination is often stricken. 1 MCCORMICK ON EVID. § 19.

Here, there is no dispute that Ms. Wegner improperly refused to answer Plaintiff's questions, left before the end of Plaintiff's cross-examination, and failed to return the following day. Thereupon, the Court finds that Plaintiff has not adequately benefitted from his right to cross-examination. That having been said, the Court is not convinced that Ms. Wegner (or her testimony) is unavailable, and will thus defer ruling on the admissibility of her deposition testimony. If, by the date of trial, (I) Ms. Wegner is found to be an "unavailable" witness, *see* FED. R. EVID. 804, and (II) Plaintiff has had sufficient opportunity to cross-examine her; the Court will permit the former testimony (unless otherwise inadmissible) to be *read into evidence*. If, however, (I) Ms. Wegner is "unavailable"; and (II) despite reasonable efforts,[FN3] Plaintiff is unable to cross-examine her as regards the subject matter covered on direct (*see* FED. R. EVID. 611(b)); the Court shall strike the deposition testimony of Ms. Wegner, in its entirety.

> **FN3**. If however, the Court finds that Plaintiff failed to use "reasonable efforts" to obtain Ms. Wegner's testimony; the Court may, in its discretion, permit Defendant's use of the video deposition at trial.

## *II. MOTION FOR SANCTIONS*

Next, Plaintiff requests reimbursement for the reasonable costs and attorney's fees accrued and expended during the Spokane deposition. Plaintiff alleges that Defendant's improper conduct

during earlier depositions, in acquiescing to Ms. Wegner's absence and/or failing to compel her attendance, resulted in the rescheduling of (and costs associated with) the Spokane deposition.

While a Court may properly impose sanctions upon a party who "impedes, delays, or frustrates the fair examination of a deponent," FED. R. CIV. P. 30(d)(2); the record simply does not support Plaintiff's claims regarding Defendant's alleged conduct; nor does it evidence any objection by either party regarding the re-scheduling, and/or timing and location of Ms. Wegner's deposition. Furthermore, the parties' communications preceding the deposition indicate that both were fully aware of Ms. Wegner's potential hindrance of the proceedings.

Parties to a deposition may stipulate as to its time, place, and manner. FED. R. CIV. P. 29. Here, the parties agreed to the form of the deposition, and Defendant attended and caused subpoenas to be served upon Ms. Wegner for all scheduled depositions. *See* FED. R. CIV. P. 30(g). While Plaintiff is justifiably frustrated; the Rules of Procedure define litigants' mandatory conduct, and it would be more unreasonable for the Court to deviate therefrom.

Accordingly, Plaintiff's motion to strike is **HEREBY DENIED**. Plaintiff shall make the deposition testimony of Ms. Wagner available for Defendant's pre-trial use. The Court defers its ruling regarding the parties' trial use of the subject testimony.

It is further ordered that Plaintiff's motion for sanctions is **HEREBY DENIED**.

So Ordered.

Dated this 25th day of January, 2008.

_____
**SENIOR UNITED STATES DISTRICT JUDGE**